# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9175 | **DATE** | 3/12/2012 |
| **CASE TITLE** | Central Contracting, Inc. Vs. Kenny Construction Co et al | | |

**DOCKET ENTRY TEXT**

The Court denies Kenny's Rule 56(a) motion for partial summary judgment [R. 32] without prejudice and grants Central's Rule 56(d) motion [37].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant/Counter-Plaintiff Kenny Construction Company's ("Kenny") Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56 on Counts I and III of Central's Amended Complaint and Counts I-III of Kenny's Counterclaim. In response, Plaintiff/Counter-Defendant Central Contracting, Inc.'s ("Central") filed a Rule 56(d) motion, to which Kenny filed a written response.[1] Because Kenny's motion is premature, the Court denies it without prejudice to refile after the close of discovery. The Court grants Central's Rule 56(d) motion.

Courtroom Deputy Initials: KF

---

[1] Central styled its Rule 56(d) motion as a "Rule 56(d) Response" to Kenny's motion for partial summary judgment, and Kenny styled its response brief as a "Reply in Further Support of its Motion for Summary Judgment." Central's Rule 56(d) brief, however, is more properly styled as a separate motion, and the Court will treat it as such. *See* 11 *Moore's Federal Practice* § 56.101 (Matthew Bender 3d ed.) ("if the [Rule 56(d)] request is filed before the response to the summary judgment motion, it should be filed as a separate motion with the affidavit or declaration attached in support of the motion") (citing, among other cases, *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006)).

## BACKGROUND

### I. Procedural Background

Central filed its Complaint and Amended Complaint against Kenny and Trans-Allegheny Interstate Line Company ("TrailCo") in September 2011 in the Circuit Court of Monongalia County, West Virginia, asserting claims for breach of contract, enforcement of mechanic's lien, and unjust enrichment. (R. 3-1, Compl. and Am. Compl.) On October 7, 2011, Kenny removed the case to the United States District Court for the Northern District of West Virginia based on diversity of the parties. (R. 3, Notice of Removal.) On December 23, 2011, the United States District Court for the Northern District of West Virginia granted Kenny's motion to transfer in part and transferred Counts I and III (breach of contract and unjust enrichment) to this Court.[2] (R. 13, Order.) Kenny and TrailCo filed their Answers to Central's Complaint on January 17, 2012 and January 18, 2012, respectively. (R. 28-29, Answers.) Kenny also filed a Counterclaim against Central on January 17, 2012, asserting causes of action for declaratory judgment, breach of contract, unjust enrichment, and an accounting. (R. 28 at 8-17, Counterclaim.) The parties have not yet exchanged Rule 26(a)(1) disclosures, and no discovery has taken place.

### II. Factual Background[3]

#### A. Central's claims against Kenny

This dispute arises out of a Subcontract Agreement ("Subcontract") into which Central and Kenny entered on September 22, 2007. (R. 28, Kenny's Answer ¶ 11.) The Subcontract was in furtherance of a contract between Kenny and TrailCo (the "Alliance Agreement"). (*Id.* ¶ 12.) Pursuant to the Subcontract, Kenny performed access road construction services in connection with the Trans-Allegheny Interstate Line Company 500kV Transmission Project. (*Id.* ¶ 11; R. 31, Central's Answer to Kenny's Counterclaims ¶ 10.) Central alleges that Kenny breached the Subcontract by failing and refusing to pay $5,723,852.80 that Kenny owed Central under the Subcontract. (R. 3-1, Am. Compl. ¶ 15.) Further, Central alleges that TrailCo was unjustly enriched by Central's improvement of TrailCo's property. (*Id.* ¶ 38.)

#### B. Kenny's claims against Central

In its Counterclaim, Kenny alleges that payment under the Subcontract was based upon the time and equipment expenses of the work plus a fee for the expenses Central incurred on the project. (R. 28, Kenny's Counterclaim ¶ 10.) Because many of Central's workers had to travel away from their homes during the project, the Subcontract provided that Kenny would pay Central the necessary per diem expenses incurred by the project workers. (*Id.* ¶ 12.) The Subcontract contained the following language with respect to the per diem allowance:

> The term Cost of the Work shall mean costs necessarily incurred by the Subcontractor in
> the proper performance of the Work. Such costs shall be at rates not higher than the
> standard paid at the Project Real Property except with prior consent of the Contractor. The

---

[2] The United States District Court for the Northern District of West Virginia retained jurisdiction over Count II of Central's Complaint (enforcement of mechanic's lien) and stayed it until conclusion of the portion of the action before this Court. (R. 13, Order.)

[3] These "facts" are not the Court's findings of facts, but are rather the facts as alleged in the parties' pleadings.

Cost of the Work shall include only the following items:

\*\*\*

8. Per diem allowance for non-local travel of Subcontractor's employees as follows:

    (a) per diems for members of an organized bargaining unit shall be paid based on applicable union contracts; and

    (b) per diems for all other Subcontractor employees shall be the IRS allowable compensation for food and lodging for day or partial day spent in [sic] out-of-town office location, in accordance with IRS publication 1542, Per Diem rates.

(*Id*.; R. 34-1, Subcontract at Ex. B-1.) Kenny asserts that during a financial audit of Central, it discovered that it had paid $4,910,056.00 to Central in per diem expenses, but Central passed along only $1,501,790 to its employees.[4] (R. 28, Kenny's Counterclaim ¶¶ 11, 13.)

## LEGAL STANDARDS

**I.  Rule 56(a)**

Summary judgment under Rule 56(a) is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In deciding summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250 (quotation omitted). "[D]istrict courts presiding over summary judgment proceedings may not weigh conflicting evidence or make credibility determinations, both of which are the province of the jury." *Omnicare, Inc. v. UnitedHealth Grp., Inc*., 629 F.3d 697, 704–05 (7th Cir. 2011) (internal citations omitted).

**II.  Rule 56(d)**

Rule 56(d) "authorizes a district court to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the nonmovant submits an affidavit demonstrating why it

---

[4] Kenny also allegedly discovered an irregularity with respect to labor rates during the financial audit–namely, that Central charged Kenny for increased labor rates but did not pass those increases along to its workers. (R. 28, Kenny's Counterclaim ¶¶ 16-20.) Kenny asserts that it overpaid $923,572.00 relating to increased labor costs. This dispute, however, is not relevant to Kenny's motion.

cannot yet present facts sufficient to justify its opposition to the motion."[5] *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000). "A party seeking the protection" of Rule 56(d) "must make a good faith showing that it cannot respond to the movant's affidavits." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057, n.5 (7th Cir. 2000) (quoting *United States v. All Assets and Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995) (citations and footnote omitted)). Courts "may disregard a failure to formally comply" with Rule 56(d), as long as the party's request for a continuance "clearly set[s] out the justification for the continuance." *Id.* at 5 (quoting *Pfeil v. Rogers*, 757 F.2d 850, 856 (7th Cir. 1985)); *see also Smith v. Dominick's Finer Foods, Inc.*, No. 05 C 4461, 2009 WL 2358580, at *2 (N.D. Ill. July 28, 2009) (Although Rule 56(d) "requires the submission of a supporting affidavit, a court has discretion to ignore the failure to comply with that requirement if the party otherwise clearly sets out the justification for a continuance.") (citations omitted); *Bauer v. Shepard*, No. 3:08-CV-196-TLS, 2008 WL 4411658, at *1-4 (N.D. Ind. Sept. 25, 2008). The Seventh Circuit has instructed that courts should construe Rule 56(d) liberally. *See King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994).

## ANALYSIS

I.    **Kenny's Rule 56(a) Motion Is Premature**

In its motion, Kenny asks the Court to grant partial summary judgment on the issue of "whether the subcontract between Kenny and Central permits Central to charge Kenny for per diem travel amounts for its own workers as 'costs [it] necessarily incurred,' when Central in fact paid less to its workers for those per diems than it charged Kenny." (R. 32, Kenny' Mot. at 1.) In support of its motion, Kenny submits a Local Rule 56.1(a) statement of facts, which cites to the Subcontract, the Alliance Agreement, and two affidavits signed by Kenny's employees. *See* R. 34, Kenny's Local Rule 56.1(a) Statement of Facts. Kenny asserts that the material facts related to the issue before the Court are undisputed and, as such, the issue involves a "pure question of contract language." (R. 33, Mem. of Law in Support of Mot. for Partial Summ. Judg. at 1.) The unambiguous terms of the Subcontract, Kenny argues, mandate the conclusion that the per diem amounts Central charged to Kenny but that Central did not pay to its own workers were not "costs necessarily incurred in the proper performance of the Work." (*Id.* at 5-12.) Additionally, Kenny argues that Central cannot defeat partial summary judgment through a waiver or estoppel argument because 1) the Subcontract prohibits amendments unless they are in writing; and 2) it is undisputed that Kenny objected promptly to Central's per diem billings as soon as it found out that Central had not appropriately passed on the per diem amounts to its workers. (*Id.* at 13-14.)

Central disagrees with Kenny's interpretation of the Subcontract's per diem language and also contends that Kenny's assertions of "undisputed facts" are indeed disputed. (R. 37, Kenny's Rule 56(d) Resp. at 4.) Notably, Central argues that discovery will show that Kenny waived the "necessarily incurred" language in the Subcontract because it "knew exactly how Central was treating the per diem allowance as early as February, 2009; concurred in that treatment, and in fact, directed it; and continued to make payments to Central for over two years with full knowledge of how Central was handling the per diem allowance and acquiesced in it." (*Id.* (citing R. 37-1, Carl L. Fletcher, Jr. Affidavit ("Fletcher Aff.") ¶¶ 14-15).)

Central has met its burden under Rule 56(d). Deciding Kenny's Rule 56(a) motion at the present time, before the parties have conducted any discovery, is premature. *Grayson v. O'Neill*, 308 F.3d 808, 815 (7th Cir. 2002) ("Summary judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.") (internal quotations omitted). Although Kenny asserts that there are no disputed issues of fact before the Court and that the issue is solely one of contract interpretation, Central disagrees and points to material facts in Kenny's motion that it

---

[5] Rule 56(d) was formerly Rule 56(f).

disputes. Specifically, there exist disputes as to whether Kenny waived its rights as to the relevant language of the Subcontract and whether Kenny intended that Central be paid for *per diems* which exceed the amounts that Central paid to its employees. (R. 37 at 3-4.)

### A. Waiver

Through Mr. Fletcher's affidavit, which was submitted along with Central's Rule 56(d) submission, Central identifies specific facts that it intends to elicit during discovery, which it submits will prove that Kenny waived the relevant language in the Subcontract.[6] Central intends to seek, for example, information regarding a February 20, 2009 meeting between Kenny and Central, during which Central contends Kenny's representatives directed it to invoice for per diems for each day its field labor employees worked on the project, regardless of how Central ultimately compensated those employees. (R. 37-1, Fletcher Aff. ¶ 12.) Although Central undoubtedly is in possession of facts related to the parties' dispute, Kenny, as a party to the Subcontract and post-contract discussions, possesses relevant information as well. Unless Kenny is willing to take Central's version of the facts as undisputed for purposes of its partial summary judgment motion, which Kenny has not indicated it will do, Central is entitled to discovery.

Moreover, the issue of waiver is material to Kenny's motion. *See Pactive Corp. v. Multisorb Techs., Inc.*, --- F. Supp.2d ----, No. 10 C 461, 2011 WL 4888869, at *4 (N.D. Ill. Oct. 13, 2011) (in connection with a Rule 56(d) motion, "[t]he non-movant must identify the material facts that it anticipates discovering") (citing *Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999)). Kenny argues in its response to Central's Rule 56(d) submission that because the Subcontract contains a requirement that amendments must be in writing, Central is precluded from asserting a waiver defense. Under Illinois law, however, a party may overcome such language by proving waiver through clear and convincing evidence. Indeed, Kenny acknowledged as much in its briefing. *See* R. 33 at 13 (citing *SKF USA, Inc. v. Bjerkness*, 636 F. Supp.2d 696, 706-07 (N.D. Ill. 2009)). Kenny incorrectly faults Central for failing to "point to any 'clear and convincing evidence'" regarding waiver in its Rule 56(d) submission and related affidavit. (R. 40 at 6.) Again, Kenny misunderstands the purpose of a Rule 56(d) motion, which is to state why additional discovery is needed before a party can properly respond to a pending summary judgment motion. It is not intended to set forth factual evidence to dispute the movant's summary judgment motion.

### B. Kenny's intent

Central argues that, contrary to Kenny's representation, it disputes that Kenny did not intend to pay Central for per diems that exceeded the amounts Central paid to its employees. Although the Court agrees with Kenny that discovery regarding pre-contract communications and intent is irrelevant to waiver, such evidence may nonetheless be relevant to the meaning of the Subcontract language at issue. The Court has not yet decided

---

[6] Mr. Fletcher is counsel for Central in this matter. The Court rejects Kenny's arguments that Mr. Fletcher's affidavit is insufficient to warranty additional discovery. Kenny criticizes the affidavit as a mere summary of Central's theory of the case and information known to others, but Kenny misunderstands the purpose of a Rule 56(d) affidavit, which is to demonstrate why the nonmovant cannot present sufficient facts to oppose the motion for summary judgment. *See* Fed.R.Civ.P. 56(d); *see also Waterloo Furniture Components v. Haworth*, 467 F.3d 641, 648 (7th Cir. 2006) (Rule 56(d) "requires a party to state the reasons why it cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit."). Mr. Fletcher's affidavit does exactly that, and it more than "clearly sets out the justification for the continuance." *Kalis*, 231 F.3d at 1057, n.5.

whether the contract language is ambiguous, nor is that narrow issue of law before the Court at this time.[7] Indeed, Kenny's assertion that no discovery is warranted as to its intent rings hollow in light of the fact that Kenny included a statement regarding its intent in its Local Rule 56.1(a) statement of undisputed material facts. *See* R. 34, Kenny's Local Rule 56.1(a) Statement ¶ 19 ("When it entered into the Subcontract with Central, Kenny did not intend that Central would receive per diem payments from Kenny which exceeded the per diem amounts it paid to its workers."). As such, Central is entitled to discovery regarding that issue, among others.

## CONCLUSION

Central has met its burden under Rule 56(d) of establishing that it cannot respond to Kenny's summary judgment motion without discovery. As such, the Court denies Kenny's Rule 56(a) motion for partial summary judgment without prejudice and grants Central's Rule 56(d) motion.

---

[7] The determination of whether a contract is ambiguous, as well as the construction of an unambiguous contract, are questions of law for the court. *See Gallagher v. Lenart*, 226 Ill.2d 208, 219, 314 Ill. Dec. 133, 140, 874 N.E.2d 43, 50 (Ill. 2007); *Central Ill. Light Co. v. Home Ins. Co.*, 213 Ill.2d 141, 153-54, 290 Ill. Dec. 155, 163, 821 N.E.2d 206, 214 (Ill. 2004). "In Illinois, as in other states, if a contract is unambiguous, the court will enforce it as written, without resorting to extrinsic evidence." *Curia v. Nelson*, 587 F.3d 824, 829 (7th Cir. 2009).